# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KOBRA DADFAR and ESMAIL ROOSTAIE | § § § | |
| V. | § § | A-20-CV-071 AWA |
| LIBERTY MUTUAL INSURANCE COMPANY | § § § | |

## ORDER

Before the Court are Defendants' Motion for Summary Judgment (Dkt. No. 5); Plaintiffs' First Amended Response (Dkt. No. 6); Defendant's Reply (Dkt. No. 10); Plaintiff's Motion to Correct Misnomer, If Any, Under Rule 15 (Dkt. No. 9); and Defendant's Response (Dkt. No. 11). The parties consented to the jurisdiction of the undersigned Magistrate Judge for disposition of this case.

## I. GENERAL BACKGROUND

This is a suit regarding a homeowners' insurance policy, alleging breach of contract, breach of duties of good faith and fair dealing, DTPA, and breach of the Texas Insurance Code. It is brought in connection with damage to Plaintiffs Dadfar and Roostaie's home as the result of a tornado in April of 2017. After the claims adjuster sent an initial estimate and first payment, and hired an engineer to address the necessity of various estimated repairs, Liberty sent a decision letter and issued a final payment on September 27, 2017. Dissatisfied with the coverage decision, Plaintiffs filed this suit in state district court on April 1, 2019. Liberty asserts it was never served with the April 2019 Original Petition, and was not served with Plaintiffs' First Amended Petition (filed on August 6, 2019) until December 23, 2019. After being served with the First Amended Petition, Liberty removed the case to federal court on January 22, 2020. Dkt. No. 1.

In its summary judgment motion, Liberty contends that the statute of limitations on Plaintiffs' claims expired on September 28, 2019, prior to the time Liberty was served with process. Relying on Texas law, which requires that a suit not only be filed within the statute of limitations, but also that it be served promptly, Liberty argues that as a matter of law the Plaintiffs' claims are time barred. Plaintiffs respond that they filed the suit timely, and acted with due diligence in serving Liberty, and thus that summary judgment should be denied. In a separate motion, Plaintiffs argue that if they have misnamed the Defendant, they should be permitted to correct the misnomer.

## II.  ANALYSIS

**A.      Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

The Court must view the summary judgment evidence in the light most favorable to the non-movant. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

**B.     Limitations**

   **1.     Due Diligence**

The parties do not the dispute that all of the Plaintiffs' claims are governed by a two year statute of limitations. Dkt. No. 5 at 3. There also does not appear to be any dispute that the claim accrued on September 27, 2017, when Liberty sent its "decision letter" to the Plaintiffs.[1] Liberty asserts that Plaintiffs' claims are barred because Liberty Mutual was not served with process until December 23, 2019, nearly three months after the expiration of the limitations period and nine months after the suit was initially filed. Plaintiffs respond that the limitations period should be tolled because they filed the suit within the limitations period and promptly attempted service. They argue that originally they thought they had served the correct party, and when they were told otherwise, they worked diligently to effect service as soon as possible.

"Texas law applies in a diversity case to determine whether [Plaintiff] tolled the statute of limitations when [he] filed suit." *Saenz v. Keller Industries of Texas*, 951 F.2d 665, 667 (5th Cir. 1992). The Fifth Circuit addressed the issue presented here in *Contreras v. Chavez*:

---

[1] That is the position Liberty takes in its motion, and the Plaintiffs remain silent on that point in their response.

> In order to toll a statute of limitations, Texas requires a plaintiff to satisfy two requirements. See generally *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). A plaintiff must file suit not only within the statutorily prescribed limitations period, "but also use diligence to have the defendant served with process." *Id.* A plaintiff's failure to serve defendant with process until after the limitations period has expired is excused only if the plaintiff exercised due diligence in effectuating service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975).

420 F.App'x 379, 381 (5th Cir. 2011). Liberty contends that, as a matter of law, Plaintiffs failed to exercise diligence in effecting service on Liberty.

In response, Plaintiffs first argue that the question of whether they acted with due diligence is a fact issue that cannot be resolved upon summary judgment. They are correct that the determination of due diligence is usually a fact question. The Court applies an "ordinary prudent person" standard, and lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence. *Saenz*, 951 F.2d at 667 (citing *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533 (Tex.App.—Dallas 1987, no writ)). "[I]t is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). Courts have held that an unexplained delay of several months in serving process shows a lack of due diligence as a matter of law. *Contreras*, 420 F. App'x at 381. A plaintiff must give a reasonable explanation for the delay and show persistent, determined attempts to serve the defendant during the period of delay. *See Proulx*, 235 S.W.3d at 216; *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.-Houston [14th Dist.] 1999, no pet.). A plaintiff's explanation of the efforts in obtaining service may demonstrate a lack of diligence "as a matter of law" when "one or more lapses between service efforts are unexplained or patently unreasonable." *Proulx*, 235 S.W.3d at 216.

Liberty initially objects to the Plaintiffs' reliance on the facts set forth in their response, contending the response contains an "unsworn blanket verification" and thus it is inadmissible summary judgment evidence. Dkt. No. 10. Plaintiffs response, which is verified by their attorney, contains the evidence to support their claim that after filing the lawsuit they diligently attempted to effect service of it on Liberty. *See* Dkt. No. 8-1. In the verification the attorney states that he verifies "pursuant to 28 U.S.C. § 1746" that the content of the amended response to defendant's motion for summary judgment is "true and correct to the best of my knowledge." *Id.*[2] An declaration used to support or oppose a summary judgment motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). While a declaration need not expressly state that its statements are based on the declarant's personal knowledge, such personal knowledge must be able to be reasonably inferred from the declarant's position and the nature of his participation in the sworn matters. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Here, the facts relating to Plaintiffs' attempts to serve process on Liberty are plainly within Brian Cooper Guequierre's personal knowledge, as he, in his capacity as the attorney for the Plaintiffs, is the person who undertook having the suit served on Liberty. Dkt. No. 8-3. The verified response is therefore sufficient to constitute admissible evidence on the question of whether Plaintiffs were diligent in serving the suit.

On the merits of the service question, and whether the Plaintiffs were diligent in attempting service, the facts Plaintiff relies on are as follows:

---

[2] As the statute makes clear, such an unsworn declaration under penalty of perjury has the same force and effect as a sworn affidavit. 28 U.S.C. § 1746.

> Plaintiffs filed this suit on April 1st, 2019, for a loss that occurred when a tornado hit their home on April 4th, 2017.  Defendant was served on April 17th, 2019, via the Travis County Constable for Precinct 5, by direct service to defendant's president, Spencer Donkis, at defendant's primary place of business.  A true and correct copy of this petition and the Officer's Return are attached hereto as Exhibit A and B. Defendant was also provided with a courtesy copy of plaintiff's original petition on the day of filing, April 1st, 2019, via their attorneys, Sheila Tan and Ally Morgan, with whom plaintiff had already participated in an unsuccessful mediation attempt prior to filing suit. On June 17, 2019, Ms. Tan claimed via email that the service of process was not effective, not their registered agent. On June 20th, 2019, plaintiff's counsel asked if defendant would be willing to accept service via their attorney or simply file an answer and appear, waiving this issue, since there was no question that the defendant had the suit.  Ms. Tan indicated they did not have the authority to accept service, and claimed she did not have their registered agent's information available.  On August 6th, 2019 plaintiff's counsel asked Ms. Tan to confirm the registered agent he was attempting to serve was the correct one, and served her with an amended pleading.
>
> On August 28th, 2019, Ms. Tan indicated that defendant's registered agent still had not been served.  Plaintiff's counsel resent the updated pleading, and again asked if they would file an answer at this point.  Plaintiff's counsel did not yet have the new return, and after repeated attempts to track down the delay with the Travis County District Clerk in which he was sent between the District Clerk, who claimed to have issued and sent the August citation to Precinct 5, and Precinct 5, who claimed they never received it, plaintiff's counsel eventually had to refile and resubmit the request for the reissuance of service on December 20th, 2019.  On December 23rd, 2019, the third issued service was executed and returned, a true and correct copy of which is attached hereto as Exhibit C.  On January 22nd, 2020, Defendant removed this case to federal court and filed their original answer & verified denial, claiming they are not a proper party to the lawsuit, and that "Liberty Insurance Corporation" is in fact the issuer of the policy at hand.

Dkt. No. 8 at 2-3. The only facts Liberty offers on these issues are contained in an Affidavit signed by its counsel, Ms. Tan, where she states:

> When counsel for Plaintiffs contacted me to tell me that he had served Liberty Mutual Insurance Company through its president Spencer Donkis, I contacted Liberty Mutual and learned that Spencer Donkis is not a Liberty Mutual employee and is not the registered agent for Liberty Mutual Insurance Company or Liberty Insurance Corporation. I then conveyed that information to counsel for Plaintiffs. When counsel for Plaintiffs asked me to identify the registered agent for Liberty Mutual Insurance Company, I directed him to the Secretary of State or Texas Department of Insurance which has a tool to lookup registered agent information on its website.

Dkt. No. 10-1 at 1.

As Plaintiffs note, they also sent a courtesy copy of the suit to Ms. Tan. When they inquired in June 2019 whether Liberty had received the suit, they were told that they had not served the correct person for Liberty. The first step Plaintiffs took to cure this problem was to ask Liberty's attorney who the registered agent for service was. This was a diligent step to take, given that Ms. Tan had represented Liberty when it mediated this very dispute before suit was filed. Ms. Tan further seemed to have the requisite knowledge, or at least easy access to it, since she knew that Mr. Donkis was *not* the agent. Unfortunately, Ms. Tan chose to not provide the information, or agree to accept service of the suit.[3] Thus, the next step the Plaintiffs took was to amend their pleading, send a courtesy copy to Ms. Tan, and ask her to confirm that the agent they were intending to serve was in fact the correct person. The evidence is silent on whether Ms. Tan confirmed the information. Plaintiffs followed up and learned in late August 2019 that the agent had not yet received the suit. The evidence shows that the Plaintiffs' attorney then inquired into the status of service, and got bounced back and forth between the Travis County District Clerk and the Precinct 5 Constable, each contending that the failure to effect service was the other's fault. Finally, Plaintiffs' counsel had citation reissued, and requested service anew, which led to the service on December 23, 2019.

---

[3]Given that the parties had already mediated the dispute and Ms. Tan represented Liberty for that purpose, it certainly would have been reasonable and professional to at least provide Plaintiffs with the registered agent for service of process. The Court is also troubled on this point by the fact that the address for Corporation Service Company—the correct registered agent—is, other than the suite number, identical to that of the law firm representing Liberty. Both have an address of 211 East 7th Street in Austin, Texas, with CSC being in Suite 620, and the law firm in Suite 600. *See* Dkt. No. 1-1 at 97 and 99. Perhaps this is a mere coincidence, but it appears that Liberty's registered agent is the firm's next door neighbor.

As noted, the filing of suit tolls the running of the statute of limitations unless the "plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence." *Saenz*, 951 F.2d at 667 (citing *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533 (Tex.App.—Dallas 1987, no writ)). The Court finds that the uncontroverted evidence shows that Plaintiffs have in fact offered an excuse for their delay in service, and the excuse offered shows enough diligence such that the filing of the suit tolled the statute of limitations. Plaintiffs' counsel was in regular communication with Liberty's attorney from the time he filed the lawsuit, as the parties had already mediated Plaintiffs' claims, and the same counsel represented Liberty at both the mediation and in this suit. Plaintiffs' counsel even provided a courtesy copy of both the original petition and the amended petition to Liberty's attorney. Though Plaintiffs struggled to effectuate service quickly, the evidence shows that their counsel was working diligently to do so, and at least some of the delay could have easily been avoided had Liberty wanted to do so. Indeed, it is a bit disingenuous for Liberty to fault Plaintiffs for slow service when Liberty refused to allow their counsel to accept service, and was cagey regarding who Plaintiffs needed to serve. Moreover, though Liberty quibbles with Plaintiffs' evidence related to the Clerk's and Constable's finger pointing,[4] it offers no evidence to controvert the Plaintiffs' evidence. This is Liberty's motion for summary judgment, and without any evidence from Liberty to controvert Plaintiffs', the Court must accept the admissible evidence before it. The Court finds that Plaintiffs have established that they made sufficiently regular and sustained efforts to effectuate service on Liberty for the filing of suit

---

[4]*See, e.g.,* Dkt. 10 at 4 and 5 (complaining that the evidence does not identify the specific constables involved or when the issues occurred, and calling the evidence "garbled").

to toll the statute of limitations. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 5) is **DENIED**.

**2.     Misnomer**

In its answer filed prior to removal, Liberty Mutual "denie[d] that it is a proper party to this lawsuit on the grounds that it did not issue the relevant insurance policy to the Plaintiffs in this case. The insurance policy at issue in this lawsuit was issued by Liberty Insurance Corporation." Dkt. 1-1 at 98.  Based on this, Plaintiffs move that Defendant Liberty Mutual Insurance Company be joined or have their name corrected to include Liberty Insurance Corporation. Dkt. No. 9.  The vast majority of the briefing on this motion—both the Plaintiffs' motion and Liberty's response—addresses the statute of limitations issue, with Liberty stating that misnomer only applies when a plaintiff sues the right party but misnames it, and here, "Plaintiffs neither named nor served the correct defendant before September 28, 2019, so misnomer will not apply and will not toll limitations." Dkt. No. 11 at 1-2.

Because both parties treated the Motion to Correct Misnomer as an extension of the motion for summary judgment, and neither offered sufficient information for the Court to resolve the issue presented by the motion—who is the correct defendant to this suit—the Court will deny the motion without prejudice to the issue being reurged if necessary.  The Court will do so for several reasons.  First, the statute of limitations issue was raised by Liberty in its motion for summary judgment.  The sole ground stated for summary judgment in that motion was that although Plaintiffs filed suit within the two year limitations period, they failed to diligently effect service, and the suit is therefore time barred.  *See* Dkt. No. 5 at 1-2.  No mention is made there that Plaintiffs failed to sue or serve the correct party within the limitations period.  Second, it appears that the primary reason the Plaintiffs

filed the misnomer motion was to support their response to the summary judgment motion. Third, the information provided by the parties is woefully insufficient for the Court to make a determination of whether in fact Plaintiffs sued the wrong entity, or misnamed the correct entity.[5] Accordingly, Plaintiff's Motion to Correct Misnomer, If Any, Under Rule 15 (Dkt. No. 9) is **DENIED WITHOUT PREJUDICE.**

SIGNED this 27th day of January, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[5]Liberty attached a copy of the insurance policy to its motion for summary judgment (Dkt. No. 5-2), and it is also an attachment to the Plaintiffs' petitions filed in state court (Dkt. No. 1-1). "Liberty Mutual Insurance" with a company logo is on the upper right hand corner of every one of the 50 or so pages that make up the policy. That same phrase and logo is on the "Decision Letter" of September 27, 2017, though in the right hand margin under the heading "Contact Us" is a number of contact options, one of which is a mailing address for "Liberty Insurance Corporation." Dkt. No. 5-2 at 1. Further, if one looks very closely, in fine print on the bottom of the declarations page of the policy it states "Coverage provided and underwritten by Liberty Insurance Corporation, Boston MA."