UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KOBRA DADFAR, ESMAIL ROOSTAIE,** *Plaintiffs* | § § § |
| | §   No. 1:20-CV-00071-DH |
| v. | § § |
| **LIBERTY MUTUAL INSURANCE COMPANY,** *Defendant* | § § § § |

# ORDER

Before the Court is Plaintiffs' Motion to Compel Appraisal & Continue Trial Setting, Dkt. 58. Having considered the motion and Defendant Liberty's response, Dkt. 59, the Court concludes the motion should be denied.

Plaintiff's motion seeks relief in two forms: (1) an order compelling Liberty to comply with Plaintiffs' request for an appraisal as provided for in their policy, and (2) a continuance of the parties' January 9, 2023, trial date. Dkt. 58. As for the appraisal, Plaintiffs seek to invoke section 1.E of their policy, which provides that if the policyholder (i.e., Plaintiffs) and the insurer cannot agree on the amount of the loss, either can demand an appraisal of the amount of the loss. *See* Dkt. 58-1, at 19. Upon an appraisal demand, each party must submit the name of an appraiser within 20 days, and then those appraisers must agree on an umpire within 15 days of that, or, if they cannot agree, the umpire-selection can be submitted to a judge for determination. *Id*. After all that is sorted out, the appraisers can then get to

1

appraising, and if they agree on the amount, that is the amount of the loss; if they don't, then they can submit their differences to the umpire, who makes the call. *Id.*

Plaintiffs' motion indicates that they sought to invoke this appraisal process on December 8, 2022—five years after the claimed loss, four years after the parties reached an impasse, and a month and a day before the first day of trial—and that Liberty balked. Dkt. 58, at 3. Plaintiffs argue that this appraisal process, which they contend would somehow only delay trial by 30 days, could resolve the case altogether, or "streamline the trial considerably." *Id.* But, Plaintiffs complain, Liberty is playing hardball, insisting that too many causation issues remain, rendering an appraisal unhelpful, particularly this late in the game. *Id.* Liberty confirms this stance in its response. Dkt. 59, at 2-4. And, as Liberty points out, an appraisal will only answer the *amount* of Plaintiffs' loss, not *whether* the loss is covered in the first place, which is the key remaining dispute in this case. *Id.*, at 2.

The Court agrees with Liberty. Plaintiffs may be correct that the appraisal process could have saved everyone a lot of time. But the time to invoke this process has *long* since passed. The Court **DENIES** Plaintiffs' motion, Dkt. 58.

SIGNED December 28, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE